UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH WIESER, | No. 2:24-cv-01910-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| MR. COOPER GROUP, INC., et al., | |
| Defendants. | |

Plaintiff alleges Defendants mismanaged her and her late husband's loan modification and forbearance applications for their home mortgage, including by failing to include her husband's partnership income in the loan modification paperwork.  Plaintiff alleges that, as a result of Defendants' mismanagement, Plaintiff and her husband were denied any form of financial relief on their loan, causing Plaintiff and her husband extreme financial, emotional, and physical stress, and contributing to the death of Plaintiff's husband.

Defendants move to dismiss Plaintiff's claims arguing that most of the claims are time-barred and that all the claims are insufficiently pled.  Having considered the Parties' briefings and arguments, the Court agrees with Defendants, and will dismiss Plaintiff's claims with leave to amend.

## BACKGROUND

Plaintiff Ruth Wieser alleges that, in 2020, she and her late husband Fred Wieser ("Wiesers") experienced unforeseen financial challenges. (Compl. (ECF No. 1-1) ¶ 9.) In March 2020, Defendants Mr. Cooper Group, Inc. ("Mr. Cooper") and Joey Khalil, a loan specialist with Mr. Cooper, reached out to the Wiesers promising assistance with navigating their financial challenges, particularly their mortgage payments. (*Id.* ¶ 58.) Defendants assured the Wiesers they would assist them with applying for a loan modification and obtaining a forbearance agreement to alleviate their financial strain. (*Id.*) Plaintiff alleges that, despite these assurances, the application for the loan modification, submitted on April 5, 2020, was met with delays and an eventual denial on July 20, 2020, "without a clear explanation or recourse." (*Id.* ¶ 59.) In addition, Plaintiff alleges the forbearance agreement was mishandled leading to an erroneous report of delinquency to credit agencies in June 2020. (*Id.*)

In June or July 2021, the Wiesers reached out to Defendants for assistance with an upcoming balloon payment on their mortgage in September 2021. (*Id.* ¶¶ 10-11.) The Wiesers sought to "refinance and secure a loan modification as proactive measures against the impending financial strain." (*Id.* ¶ 12.) In September 2021, Defendants told the Wiesers they did not qualify for any loan assistance. (*Id.* ¶ 14.) Defendants advised the Wiesers to either refinance or settle the entire debt. (*Id.*)

Plaintiff alleges the Wiesers were denied assistance because Defendants negligently omitted Fred Wieser's $30,000 partnership income from the loan modification application. (*Id.* ¶¶ 15-17.) Plaintiff alleges that, when the Wiesers asked Defendants to correct this oversight, they were met with reluctance and a "disconcerting lack of commitment to resolving the Wiesers' financial dilemma." (*Id.* ¶¶ 18-19.) Plaintiff further alleges that delays and miscommunications with Defendants "precipitated an unwarranted decline in the Wiesers' credit scores, effectively barring them from securing loans or other financial relief." (*Id.* ¶¶ 20-26.) Ultimately, "Mr. Cooper's representatives informed [the Wiesers] that refinancing or

further modifications were not options . . . ." (*Id.* ¶ 26.) The Wiesers' attempts to settle the debt for less than the amount owed also failed. (*Id.* ¶ 27.)

Plaintiff alleges the stress of the mortgage payments, other financial burdens, and the Wiesers' "negative interactions with Mr. Cooper's team" contributed to the Wiesers' deteriorating mental and physical health, as well as Fred Wieser's death on September 8, 2022, from Hypertensive Cardiovascular Disease. (*Id.* ¶¶ 24, 28–32.) Plaintiff alleges the death of her husband was shocking and unexpected because he had been in relatively good health and had no known heart problems. (*Id.* ¶ 34.)

Plaintiff filed this action on February 16, 2024, in state court, alleging seven causes of action for (1) negligence, (2) negligent infliction of emotional distress, (3) negligent misrepresentation, (4) intentional infliction of emotional distress, (5) breach of contract, (6) breach of the implied duty of good faith and fair dealing, and (7) wrongful death. (*Id.* ¶¶ 36–88.) Defendants removed the action to federal court on July 11, 2024, on the basis of diversity jurisdiction, and filed the pending Motion to Dismiss on July 30, 2024. (Notice Removal (ECF No. 1); Mot. Dismiss (ECF No. 4).) Plaintiff failed to timely oppose dismissal, but subsequently sought the Court's leave to file a belated Opposition, which the Court granted. (Opp'n Mot. Dismiss (ECF No. 8); ECF No. 10.) The Motion to Dismiss was submitted without oral argument on December 17, 2024, pursuant to Eastern District of California Local Rule 230(g). (ECF No. 13.)

**LEGAL STANDARD**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That said, this rule

demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Id.* at 679.

In granting a motion to dismiss, a court must also decide whether to grant leave to amend. Leave to amend should be freely given where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if "the complaint could not be saved by any amendment." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting *Sparling v. Daou (In re Daou Sys., Inc.)*, 411 F.3d 1006, 1013 (9th Cir. 2005)).

## DISCUSSION

### I.    Plaintiff's First Through Sixth Claims are Time-Barred

Defendants argue Plaintiff's claims for negligence, negligent infliction of emotional distress, negligent misrepresentation, intentional infliction of emotional distress, breach of contract, and breach of the implied covenant of good faith and fair dealing are barred by a two-year statute of limitations. (Mot. Dismiss at 4–5.) Plaintiff fails to address this argument in her Opposition. (*See* Opp'n Mot. Dismiss at 5–8.)

The Court will dismiss these claims. In diversity actions such as this one, state law provides the applicable statute of limitations for state-law claims. *Mendez v. Ishikawajima-Harima Heavy Indus. Co.*, 52 F.3d 799, 800 (9th Cir. 1995). Plaintiff brings claims for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress premised on Defendants alleged mishandling of the Wiesers' loan modification and forbearance applications. (Compl. ¶¶ 36–54, 62–66.) In California, negligence claims, whether for "ordinary negligence" or "professional

1  negligence," are subject to a two-year statute of limitations.  *See* Cal. Code Civ. P.
2  § 335.1; *id.* § 339(1); *Pouzbaris v. Prime Healthcare Servs.-Anaheim, LLP*, 236 Cal. App.
3  4th 116, 121 (2015) ("ordinary negligence" claims are "governed by the two-year
4  limitations period under section 335.1"); *Thomson v. Canyon*, 198 Cal. App. 4th 594,
5  606 (2011) ("A cause of action for professional negligence is generally governed by
6  the two-year statute of limitations under" section 339(1)).  The statute of limitations for
7  negligent and intentional infliction of emotional distress claims is also two years.  *See*
8  *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1127 (S.D. Cal. 2012) (two-year
9  statute of limitations for negligent and intentional infliction of emotional distress).
10 Plaintiff alleges the Wiesers submitted applications for loan assistance in April 2020
11 and June or July 2021, and were denied assistance in July 2020 and September 2021
12 as a result of Defendants' actions.  (Compl. ¶¶ 10, 14–15, 58–59.)  Thus, Defendants
13 argue Plaintiff's claims accrued in September 2021, and Plaintiff should have brought
14 her claims by September 2023.  (Mot. Dismiss at 4–5.)
15       Plaintiff also brings a negligent misrepresentation claim based on Defendants'
16 promise to the Wiesers in March 2020 to assist with their application for a loan
17 modification and a forbearance agreement.  (Compl. ¶ 58.)  A cause of action for
18 negligent misrepresentation is subject to two-year statute of limitations where the
19 allegations amount to a claim of professional negligence, as they do here.  *See* Code
20 Civ. P. § 339; *R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2016 WL
21 6663002, at *12 (N.D. Cal. Nov. 11, 2016) (explaining that where the essence of the
22 negligent misrepresentation cause of action is negligence, not fraud, a two-year
23 statute of limitations applies).  Plaintiff alleges that the loan modification application
24 was denied on July 20, 2020.  (Compl. ¶ 59.)  In addition, the Wiesers later
25 approached Defendants for assistance with another loan modification application in
26 June or July 2021 which was denied in September 2021.  (*Id.* ¶¶ 10, 14.)  Accordingly,
27 Defendants argue Plaintiff's claim accrued no later than September 2021 and should
28 have been brought by September 2023.  (Mot. Dismiss at 5.)

Finally, Plaintiff brings breach of contract and breach of the implied covenant of good faith and fair dealing claims premised on an alleged oral agreement between the Wiesers and Defendants in June or July 2021 that they would help them navigate their mortgage balloon payment due in September 2021. (Compl. ¶¶ 69, 76.) The statute of limitations in California for "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing" is two years from the date of accrual. Code Civ. P. § 339(1); *see also Moss v. Infinity Ins.*, 197 F. Supp. 3d 1191, 1196 (N.D. Cal. 2016) (statute of limitations for breach of an oral contract in California is two years); *Vahora v. Masood*, No. 1:16-cv-1624-LJO-SKO, 2017 WL 1213423, at *13 (E.D. Cal. Apr. 3, 2017) (statute of limitations for breach of the implied covenant of good faith and fair dealing claim based on oral contract is two years). Defendants argue these claims accrued in September 2021, the date the Wiesers were advised that no loan modification assistance was available. (Mot. Dismiss at 5.) Thus, the claims should have been brought by September 2023.

Plaintiff filed this action in February 2024, well past the statute of limitations for the above claims. Plaintiff does not dispute the applicable statute of limitations nor the accrual date for any of the claims. (*See* Opp'n Mot. Dismiss at 5–8.) Thus, the Court holds Plaintiff's claims are time-barred and will be dismissed. However, as this is the Court's first dismissal of Plaintiff's claims, the Court will dismiss these claims with leave to amend.

## II.   **Plaintiff Fails to Adequately Plead her Seventh Claim**

Defendants argue that Plaintiff's remaining claim for wrongful death should be dismissed as Plaintiff has failed to plead any negligence by Defendants. (Mot. Dismiss at 15–16.) Defendants also argue Plaintiff has failed to show their conduct was the proximate cause of Fred Wieser's death. (*Id.* at 16.) Plaintiff argues her claim is adequately pled. (Opp'n Mot. Dismiss at 7.)

The Court will dismiss this remaining claim. To allege wrongful death in California, the plaintiff must plead "(1) a 'wrongful act or neglect' on the part of one or

more persons that (2) 'cause[s]' (3) the 'death of [another] person.'" *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 390 (1999) (quoting Cal. Code Civ. P. § 377.60).  In a wrongful death action, "it must, of course, be established that the proximate cause of the death was the negligence or other wrongful act of the defendant."  *Salin v. Pac. Gas & Elec. Co.*, 136 Cal. App. 3d 185, 190 (1982).  A defendant's conduct is a "proximate cause" of a plaintiff's injury if "it was not just any cause, but one with a sufficient connection to the result."  *Paroline v. United States*, 572 U.S. 434, 444 (2014).  In other words, the wrongful act or neglect "must be a substantial factor in bringing about the death."  *Bromme v. Pavitt*, 5 Cal. App. 4th 1487, 1497 (1992).  "Proximate cause is often explicated in terms of foreseeability," such that the proximate cause requirement "preclude[s] liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity."  *Paroline*, 572 U.S. at 445.

The wrongful death claim fails because Plaintiff fails to plausibly plead Defendants' conduct was the proximate cause of Fred Wieser's death.  Plaintiff alleges that the Wiesers were denied financial assistance with their balloon payment in September 2021. (Compl. ¶ 14.)  Plaintiff alleges that, during that time, Fred Wieser's health "significantly deteriorated under the constant stress from the financial disputes with Mr. Cooper" and that this stress contributed to Fred Wieser's death on September 8, 2022, from Hypertensive Cardiovascular Disease. (*Id.* ¶¶ 29, 32, 49–52, 85.)  Plaintiff alleges that Fred Wieser's death was "shocking" because he had been in relatively good health and had no known heart problems. (*Id.* ¶¶ 30, 34.)  As Plaintiff alleges, "[t]he diagnosis of Hypertensive Cardiovascular Disease as the cause of Fred's sudden death, starkly contrasts with his previously noted physical resilience, suggesting a lethal acceleration of disease progression directly linked to emotional strain." (*Id.* ¶ 50.)

These allegations do not plausibly establish a causal link between Defendants' actions and Fred Wieser's death.  While Plaintiff alleges Defendants' "cumulative

7

actions directly contributed to Mr. Wieser's untimely death," (*id.* ¶ 85), these allegations are conclusory at best and fail to explain how Fred Wieser's death a year later was a foreseeable consequence of Defendants' mishandling of the loan modification and forbearance applications. Courts have rejected similar claims at the pleadings stage on this basis. For example, in *Burke v. Aurora Loan Services*, No. SACV 11-00006-JVS (RNBx), 2014 WL 12586240 (C.D. Cal. Apr. 16, 2014), the court considered plaintiff's allegations that a loan servicer's delay in modifying her loan was a substantial factor in causing or aggravating her partner's cancer, leading to his death. *Id.* at *1. The court dismissed plaintiff's wrongful death claim, noting "Plaintiffs have identified no case, and the Court can find none, permitting a wrongful death claim rooted in a loan servicer's delayed and inappropriate processing of a loan modification to move past the pleading stage." *Id.* at *4. The court reasoned that to allow a claim "that a loan servicer can be liable for causing or aggravating a nonborrower's cancer due to its handling of a modification" would "ignore the central lesson of *Twombly*." *Id.* Thus, the court held that such an "implausible claim for relief" "must be dismissed at the pleading stage." *Id.*

Similarly, in *Noble v. Wells Fargo Bank, N.A.*, No. 1:14-cv-01963-TLN-GSA, 2015 WL 5687675 (E.D. Cal. Sept. 25, 2015), the court dismissed plaintiff's claim that the "lockout and stress" of her and her mother's eviction from their home caused her mother's death five months later, deeming it "too attenuated to conclude that being evicted five months previous was the cause of death." *Id.* at *6. The court reasoned there were "insufficient facts to suggest that Defendant could have foreseen that the act of eviction had a high degree of risk of death or great bodily harm." *Id.* These cases compel a similar conclusion here: Plaintiff's claim that Defendants' mismanagement of their loan applications caused her husband's death is too attenuated and must be dismissed.

Therefore, Plaintiff's claim for wrongful death will be dismissed with leave to amend.

**CONCLUSION**

In accordance with the above, it is hereby ORDERED that Defendants' Motion to Dismiss (ECF No. 4) is GRANTED. Plaintiff's first through seventh causes of action are dismissed with leave to amend. Plaintiff is granted leave to file an amended complaint within thirty (30) days.

IT IS SO ORDERED.

Dated:  **January 17, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Wieser24cv1910.MTD