1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUTH WIESER,                                    No. 2:24-cv-01910-DJC-CSK

12        Plaintiff,

13        v.                                         ORDER

14   MR. COOPER GROUP, INC., et al.,

15        Defendants.

16

17        Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint

18   in its entirety, arguing the claims are time-barred and insufficiently pled.  Plaintiff has

19   failed to timely oppose or otherwise respond to Defendant's Motion despite

20   numerous warnings from this Court that failure to comply with the Local Rules or this

21   Court's orders could result in sanctions, including dismissal of this action.  Plaintiff has

22   also failed to respond to an Order to Show Cause issued by this Court ordering

23   Plaintiff to explain why this action should not be dismissed for failure to prosecute.

24        Accordingly, given Plaintiff's numerous failures to comply with this Court's

25   orders and the Local Rules, the Court finds that dismissal of this action is appropriate.

26   Plaintiff's First Amended Complaint shall be dismissed for Plaintiff's failure to

27   prosecute, Defendants' Motion to Dismiss shall be denied as moot, and the Clerk of

28   Court shall be directed to close this case.

1

**BACKGROUND**

2      Plaintiff Ruth Wieser filed this action on February 16, 2024, in state court,

3  alleging seven causes of action for (1) negligence, (2) negligent infliction of emotional

4  distress, (3) negligent misrepresentation, (4) intentional infliction of emotional distress,

5  (5) breach of contract, (6) breach of the implied duty of good faith and fair dealing,

6  and (7) wrongful death.  (ECF No. 1-1.)  Defendants Mr. Cooper Group, Inc. and Joey

7  Khalil removed the action to federal court on July 11, 2024, on the basis of diversity

8  jurisdiction, and moved to dismiss the claims.  (ECF Nos. 1, 4.)  Plaintiff failed to timely

9  oppose dismissal but sought the Court's leave to file a belated opposition.  (ECF No.

10  8.)  The Court granted Plaintiff's request, but admonished Plaintiff that a failure to

11  comply with the Local Rules could be grounds for sanctions.  (ECF No. 10.)  The Court

12  subsequently dismissed Plaintiff's first through sixth claims on the basis that they were

13  untimely, and seventh claim on the basis that it was inadequately pled.  (ECF No. 14.)

14  The Court granted Plaintiff 30 days to file an amended complaint.  (*Id.*)

15      Plaintiff failed to file an amended complaint within 30 days.  Accordingly, the

16  Court issued an Order to Show Cause on March 11, 2025, ordering Plaintiff to show

17  cause why the Court should not impose sanctions, including dismissal of the action,

18  for Plaintiff's failure to comply with the Court's orders.  (ECF No. 15.)  Plaintiff did not

19  respond to the Order to Show Cause but filed a First Amended Complaint seven days

20  thereafter.  (ECF No. 16.)  Accordingly, the Court discharged the Order to Show Cause

21  but warned Plaintiff that future failures to respond to the Court's orders could result in

22  sanctions.  (ECF No. 17.)

23      Defendants again moved to dismiss Plaintiff's claims on April 1, 2025, arguing

24  Plaintiffs first through sixth claims were untimely and all the claims were insufficiently

25  pled.  (ECF No. 19.)  Plaintiff failed to timely oppose.  Thus, the Court issued another

26  Order to Show Cause on May 15, 2025, ordering Plaintiff to show cause within seven

27  days "why the Court should not construe Plaintiff's failure to file a timely opposition as

28  a non-opposition to Defendant's motion and why this case should not be dismissed

1  for failure to prosecute."  (ECF No. 22.)  To date, Plaintiff has failed to respond to the

2  Court's Order to Show Cause or otherwise oppose dismissal of her claims.

3                                **LEGAL STANDARD**

4          Under Federal Rule of Civil Procedure 41, a court may dismiss an action for

5  failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the

6  court's local rules, or any order of the court.  Fed. R. Civ. P. 41(b); *see also Ferdik v.*

7  *Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil

8  Procedure 41(b), the district court may dismiss an action for failure to comply with any

9  order of the court."); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

10  (dismissal for failure to prosecute and to comply with local rules).  This Court's Local

11  Rules are in accord.  *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply

12  with these Rules or with any order of the Court may be grounds for imposition by the

13  Court of any and all sanctions authorized by statute or Rule or within the inherent

14  power of the Court.").  A court may act on its own accord in exercising this authority as

15  district courts have inherent power to control their dockets.  *Hells Canyon Preservation*

16  *Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving *sua sponte*

17  dismissals under Rule 41(b)); *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829,

18  831 (9th Cir. 1986).

19          In determining whether to dismiss an action, the Court must consider several

20  factors: (1) "the public's interest in expeditious resolution of litigation"; (2) "the court's

21  need to manage its docket"; (3) "the risk of prejudice to the defendants"; (4) "the

22  public policy favoring disposition of cases on their merits"; and (5) "the availability of

23  less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

24                                **ANALYSIS**

25          Applying the factors for involuntary dismissal, the Court finds this action should

26  be dismissed.  Plaintiff has continually failed to diligently prosecute this action,

27  including by failing to timely oppose two motions to dismiss and failing to timely file

28  an amended complaint.  The Court has admonished Plaintiff numerous times for these

                                           3

1  failures to no avail.  (*See* ECF Nos. 10, 15, 17, 22.)  Plaintiff's lack of diligence is

2  particularly distressing given this Court's extremely high caseload, as well as the high

3  caseload in the Eastern District of California generally.  Thus, this Court finds that the

4  first and second factors—the public's interest in expeditious resolution of litigation and

5  the Court's need to manage its docket—weigh in favor of dismissal.

6         The third factor—prejudice to defendants—also weighs in favor of dismissal.

7  While this case is little more than a year old, Defendants have been prevented from

8  attempting to resolve this case on the merits by Plaintiff's unreasonable delay in

9  prosecuting this action.  Unreasonable delay is presumed to be prejudicial.  *See, e.g.,*

10 *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d

11 1217, 1227 (9th Cir. 2006).

12        The fifth factor—availability of less drastic sanctions—also favors dismissal.  As

13 noted above, the Court has already pursued remedies less drastic than a

14 recommendation of dismissal.  *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th

15 Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

16 actually tries alternatives before employing the ultimate sanction of dismissal."), *cert.*

17 *denied, Malone v. Frank*, 488 U.S. 819 (1988).  The Court has provided Plaintiff with

18 the opportunity to cure multiple late filings and has advised Plaintiff that she is

19 required to follow this Court's orders as well as the Local Rules.  This Court also

20 warned Plaintiff that failure to file a response to Court's latest Order to Show Cause

21 could result in sanctions including dismissal of this action.  (*See* ECF No. 22.)  Warning

22 a plaintiff that failure to take steps towards resolution of his or her action on the merits

23 will result in dismissal satisfies the requirement that the court consider the alternatives.

24 *See, e.g., Ferdik*, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's

25 warning to a party that his failure to obey the court's order will result in dismissal can

26 satisfy the 'consideration of alternatives' requirement.").  At this juncture, the Court

27 finds no suitable alternative to dismissal of this action.

28 *////*

1    Finally, the Court recognizes the importance of giving due weight to the fourth

2  factor, which addresses the public policy favoring disposition of cases on the merits.

3  However, for the reasons set forth above, factors one, two, three, and five strongly

4  support dismissal of this action, and factor four does not materially counsel otherwise,

5  as dismissal is proper "where at least four factors support dismissal or where at least

6  three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d

7  393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the

8  circumstances of this case, the other relevant factors outweigh the general public

9  policy favoring disposition of actions on their merits.  *See Hells Canyon*, 403 F.3d at

10  689 (approving court's *sua sponte* dismissal under Rule 41(b) for a plaintiff's failure to

11  prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

12  **CONCLUSION**

13    In accordance with the above, it is hereby ORDERED:

14      1.  Plaintiff's First Amended Complaint (ECF No. 16.) is DISMISSED

15        without prejudice pursuant to Federal Rule of Civil Procedure 41(b);

16      2.  Defendants' Motion to Dismiss (ECF No. 19) is DENIED as moot;

17      3.  All pending hearings are VACATED; and

18      4.  The Clerk of the Court is directed to close this case and enter

19        judgment accordingly.

20

21  Dated:  May 27, 2025                    /s/ Daniel J. Calabretta

22                                THE HONORABLE DANIEL J. CALABRETTA
                                 UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

5